FILED
APR 12 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Michael Coleman, )
)
    Plaintiff, )
)
v. ) Civil Action No. 18-543 (UNA)
)
United States Parole Commission, )
)
    Defendant. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Under the doctrine of sovereign immunity, the United States and its agencies may be sued only upon consent, which must be clear and unequivocal. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted). A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action.

Plaintiff sues the United States Parole Commission, utilizing a form Complaint for Violation of Civil Rights under 42 US.C. § 1983. Plaintiff alleges that the Commission relied on improper information to calculate his parole date, which resulted in "additional jail time." As a result, plaintiff alleges that he was "unjustly tried and falsely imprisoned." Compl. at 5. Plaintiff currently resides in the District of Columbia. He concludes that the Commission's three actions, which included imposing "a 20 month sentence after [plaintiff had] already [been] re-instated to supervision" were "improper and unconstitutional." *Id.* Plaintiff seeks $1 million "for pain and suffering[,] cruel and unusual punishment, mental anguish and marital problems." *Id.*

By its terms, section 1983 applies to state actors, not the Commission. *See Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1105 (D.C. Cir. 2005) (finding "no clear statement that would make the Commission itself subject to liability under § 1983"). Consequently, the complaint may dismissed for that reason alone. Nevertheless, the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80, waives the United States' immunity under certain circumstances, but not for torts based on the Constitution. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 478 (1994). And to the extent that plaintiff may assert non-constitutional torts against the Commission, jurisdiction still is lacking because there is no indication that he has exhausted his administrative remedies under the FTCA by presenting a claim "to the appropriate Federal agency" and obtaining a final written denial, or allowing six months to elapse without a final disposition. 28 U.S.C. § 2675(a). *See Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 371 (D.C. Cir. 2007) (finding FTCA's exhaustion requirement to be "jurisdictional"); *Abdurrahman v. Engstrom*, 168 Fed.Appx. 445, 445 (D.C. Cir. 2005) (per curiam) (affirming district court's

dismissal of unexhausted FTCA claim "for lack of subject matter jurisdiction"). Accordingly, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: April 11, 2018

_____
United States District Judge